CORDER, Appellant,

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, Appellee.

[Cite as *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315.]

Court of Appeals of Ohio,
Franklin County.

No. 93API08–1200.

Decided March 29, 1994.

*Frederick M. Morgan, Jr.,* for appellant.

*Lee Fisher,* Attorney General, *Sally Ann Walters* and *Teri Ravetto,* Assistant Attorneys General, for appellee.

———

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Shawn M. Corder, appellant, from the July 27, 1993 judgment entry of the Ohio Court of Claims which rendered judgment in favor of the Ohio Department of Rehabilitation and Correction ("ODRC") on appellant's complaint for false imprisonment. Appellant sets forth the following assignment of error:

"The trial court erred in concluding that plaintiff was not falsely imprisoned by defendant (July 27, 1993 Judgment Entry)."

Appellant was convicted upon a guilty plea of one count of forgery and was sentenced by the Hamilton County Court of Common Pleas to a term of one and one-half years' imprisonment. When appellant violated the terms of his probation, the probation was revoked and the original sentence of one and one-half years was reimposed. Pursuant to Crim.R. 32.2, the trial court made a determination that appellant should be credited with two hundred eighty-two days served. When appellant was received at the Correctional Reception Center on June 8, 1990, he was given two hundred eighty-five days of credit based upon the two hundred eighty-two days mentioned in the court's entry plus three days spent in jail after sentencing but prior to transfer. Based upon such credit, the expiration of appellant's sentence as calculated was September 9, 1990.

On August 8, 1990, appellant was transferred to the Pickaway Correctional Institute and, at that time, a prison employee noticed an alleged irregularity in connection with appellant's sentence. The "sheriff's letter" which accompanied appellant from Hamilton County did not reflect that appellant had been jailed for as long as the trial court's order stated. Based upon conversations with John W. Shoemaker, the head of the Adult Parole Authority ("APA"), appellant's records were modified to indicate that he would be released as of February 20, 1991. Appellant corresponded with the judge who took his plea in Hamilton County and that judge sent a certified copy of appellant's judgment entry to the Pickaway Correctional Institute; however, the employees refused to change appellant's release date.

Thereafter, appellant initiated a mandamus proceeding in the Franklin County Court of Common Pleas. Appellant's petition for mandamus was granted and the trial court found that, pursuant to R.C. 2967.191, the APA must reduce appellant's sentence by the number of days of jail time served prior to sentence. Inasmuch as that number had already been determined and communicated to the APA by the trial judge of Hamilton County, which it is the trial court's

responsibility to determine, the APA was under a clear legal duty to comply with the judge's order. Appellant was released from prison on February 5, 1991. The state of Ohio appealed the mandamus decision to this court, where the decision was affirmed. See *State ex rel. Corder v. Wilson* (1991), 68 Ohio App.3d 567, 589 N.E.2d 113.

This court stated as follows in *Corder*:

"The law has been and is still clear that, although the Adult Parole Authority is the body who credits the time served, it is the sentencing court who makes the determination as to the amount of time served by the prisoner before being sentenced to imprisonment in a facility under the supervision of the Adult Parole Authority. Crim.R. 32.2(D) provides that:

"' * * * In addition, if the defendant is committed to a penal or reformatory institution, the court shall forward a statement of the number of days confinement which the defendant is entitled by law to have credited to his minimum and maximum sentence.'

"Thus, procedurally, the common pleas court must make a factual determination as to the number of days' credit to which the prisoner is entitled by law. In addition, R.C. 2949.12 provides that:

"' * * * [A] convicted felon who is sentenced to serve a term of imprisonment in a state penal institution shall be conveyed * * * by the sheriff * * * to the facility that is designated by the department of rehabilitation and correction * * *. The sheriff shall * * * present the managing officer with a copy of the convicted felon's sentence that clearly describes each offense for which the felon was sentenced * * * designates the sentence imposed for each offense * * * *and pursuant to section 2967.191 of the Revised Code, specifies the total number of days, if any, that the felon was confined, for any reason, prior to conviction and sentence.* * * * The clerk of the court of common pleas shall furnish the copies of the sentence * * *.' (Emphasis added.)

"This information is required to be included within the sentence itself, which is the journal entry of the trial court imposing the sentence.

"It is a clear legislative intent that the trial court's determination be the basis for granting credit pursuant to R.C. 2967.191. In this case, the Adult Parole Authority attempts to rely not upon the sentence containing the proper information but, instead, upon a communication from the Hamilton County Sheriff indicating the number of days that relator was confined in a particular institution, in addition to describing the determination of the common pleas court. Such paper from the sheriff is not the copy of the sentence contemplated by R.C. 2949.12, including the pertinent information, nor the certification by the trial court in the journal entry of sentence, as required by Crim.R. 32.2.

"There is simply no statutory provision conferring a right upon the Adult Parole Authority to ignore the trial court determination of the number of days and to substitute its own in complying with the mandate of R.C. 2967.191. * * *" *Id.* at 572–573, 589 N.E.2d at 117.

The state's motion to certify the record was overruled. (1991), 62 Ohio St.3d 1484, 581 N.E.2d 1391.

Thereafter, appellant brought an action in the Ohio Court of Claims for false imprisonment pursuant to *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 573 N.E.2d 633. The court set forth the following definition of "false imprisonment" in *Bennett* as follows:

"In the absence of an intervening justification, a person may be found liable for the tort of false imprisonment if he or she intentionally continues to confine another despite knowledge that the privilege initially justifying that confinement no longer exists." *Id.* at paragraph one of the syllabus.

Thus, the elements for wrongful imprisonment of an inmate beyond a lawful term of incarceration would be: (1) expiration of the lawful term of confinement, (2) intentional confinement after the expiration, and (3) knowledge that the privilege initially justifying the confinement no longer exists. Inasmuch as ODRC was bound by the *Corder* ruling, ODRC conceded in the trial court that appellant had met his burden of proof as to the first element of the *Bennett* cause of action: expiration of the lawful term of confinement. If appellant had been credited with two hundred eighty-two days of jail-time credit, he would have been released on September 9, 1990. Likewise, ODRC conceded that appellant had met his burden of proof as to the second element from *Bennett:* intentional confinement after the expiration of the lawful term of confinement. ODRC did intentionally confine appellant until February 5, 1991.

The dispute between ODRC and appellant arose as to the third element of the *Bennett* cause of action: knowledge that the privilege initially justifying that confinement no longer exists. As to this issue, the trial court stated as follows:

"[T]he APA did not *know* the privilege initially justifying the confinement no longer existed. * * *" (Emphasis *sic.*) Court of Claims decision at 2.

However, this court finds that the opinion of the Ohio Court of Claims that the APA did not know that the privilege initially justifying the confinement no longer existed is inconsistent with this court's decision in *Corder, supra,* wherein this court specifically stated that there is no statutory provision conferring upon the APA a right to ignore the trial court's determination of the number of days of jail-time credit and to substitute its own determination in complying with the mandate of R.C. 2967.191. As such, the APA has always had knowledge of the status of the law whether or not the APA chose to follow the law. Therefore, this

court finds that appellant did meet the third element of the *Bennett* case and the Court of Claims erred in reaching a contrary decision.

Appellant's assignment of error is well taken and is sustained.

In reversing the decision of the Ohio Court of Claims, this court must remand this matter to the trial court for that court to make a finding as to whether or not there was an intervening justification for the APA to keep appellant confined. See *Bennett, supra.* Therefore, appellant's assignment of error is sustained. The judgment of the Ohio Court of Claims is reversed and this matter is remanded so that the Ohio Court of Claims can make a finding as to whether an intervening justification existed for the APA to continue to confine appellant beyond the date he should have been released had the APA calculated the number of days of jail-time credit as set forth by the Hamilton County Court of Common Pleas.

*Judgment reversed and
cause remanded with instructions.*

WHITESIDE, P.J., and BOWMAN, J., concur.