Defendant-appellant Elliott Wallace appeals from his conviction, subsequent to a plea of guilty, for possession of drugs in violation of R.C. 2925.11. The appellant asserts that the court erred in his sentencing and in failing to inform him of the maximum sentence as required for substantial compliance with Crim. R. 11.
At the hearing on the guilty plea, the court informed the appellant of each of his constitutional rights. Additionally, the court informed the appellant that the maximum penalty allowed by law is 12 months, a fine of $2,500 and a mandatory suspension of his driving privileges for five years (Plea T. 4). The appellant was informed that if he was placed on community control and then violated its conditions, that he would be placed under a more restrictive sentence which might include prison. The court stated that if a prison term was imposed and the appellant violated the laws of Ohio or the United States, the parole authority could extend his prison time as a consequence of violating any law of the State of Ohio or the United States while imprisoned (Plea T. 5). The court stated on the record that if a prison term was imposed, the parole authority might impose a post-release control period of three years (Plea T. 5). After entering his plea, the appellant was referred to the probation department for a pre-sentence investigation report.
At the sentencing hearing, the appellant informed the court that he was willing to pay his debt to society, but requested a prison term rather than probation because he wanted to "get this over with" (Sentencing T. 5). The court inquired as to the appellant's work history and living arrangements. The court stated that "If somebody doesn't want probation I give maximum time, not minimum time. (Sentencing T. 7). The appellant responded, "Whatever. I'm ready to get it over with, that's all I'm trying to say." (Sentencing T. 7). The court then made it clear to the appellant that "The taxpayers are not going to give you a nice warm bed and three meals a day." (Sentencing T. 7). At first the court imposed a sentence of three years probation and gave the appellant thirty days to obtain employment (Sentencing T. 8). The court then altered its decision, and imposed a prison term of twelve months (Sentencing T. 9). After a recess, the court went back on the record and modified its sentence to a twelve-month prison term with two months suspended. Subsequent to the prison term, the court ordered that the appellant be placed on probation for three years. On the record, the court gave the appellant credit for time served. (Sentencing T. 10). The court's journal entry reflects that the appellant was given a twelve-month sentence of incarceration, two months of which were suspended, and placed on three years of community control sanctions. The appellant was not credited for time served.
The appellant sets forth seven assignments of error.
The second assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN IMPOSING SENTENCE UPON APPELLANT WITHOUT STATUTORY FINDINGS.
The appellant argues that the trial court erred in failing to make findings as required by R.C. 2929.29, the sentencing hearing statute. Specifically, R.C. 2929.19(B)(2)(a) states that the court shall give its reasons for selecting the sentence imposed. The State asserts that the trial court did not impose the maximum sentence and therefore this section does not apply. While the State's theory is intriguing, the court's suspension of two months out of the twelve-month sentence does not diminish the fact that the full twelve months were imposed. The appellant was given the maximum sentence for his crime under R.C. 2929.14(A) (5).
Turning to the appellant's argument, we begin by examining R.C. 2929.19(B)(2)(a) which states in pertinent part:
 (B)(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (a) Unless the offense is a sexually violent offense for which the court is required to impose sentence pursuant to division (G) of section 2929.14 of the Revised Code, if it imposes a prison term for a felony of the fourth or fifth degree or for a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing and, if the term is not a mandatory prison term imposed pursuant to division (G)(2) of section 2929.13 of the Revised Code for a felony OMVI offense, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B) (1)(a) to (h) of section 2929.13 of the Revised Code that it found to apply relative to the offender.
(emphasis added).
In applying this statute to the case sub judice, it is clear that the appellant committed neither a sexually violent offense, nor an OMVI offense. The appellant was convicted of a felony drug offense in violation of R.C. 2925.11(A). Since the appellant was charged with possession of cocaine in the amount of one gram or less, he committed a fifth degree felony under R.C. 2925.11(C) (4)(a). This section of the drug statute states that division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender. Thus, the trial court was required to apply the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11, and was required to list any factors found in R.C. 2929.13(B)(1) (a) to (h). This court has found that a sentence in a journal entry reciting that the court has considered all of the required factors is not sufficient for the imposition of a maximum sentence. State v. Brooks(Nov. 5, 1988), Cuyahoga App. No. 74382, unreported. R.C. 2953.08(G)(1) requires that the record affirmatively support the trial court's sentence. Id.
Here, the court failed to fulfill the mandate given by the legislature that it "shall make a finding that gives its reasons." The appellant's second assignment of error is well taken.
The appellant's sixth assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO CREDIT APPELLANT WITH TIME SERVED.
The appellant argues that while the court granted the appellant credit for time served at the sentencing hearing, the journal entry reflects that zero time was credited to the appellant for time already served while awaiting conviction. The State concedes that the appellant received no credit for time served, but points out that the record is silent as to whether or not the appellant is entitled to such time.
The record indicates that the appellant was arrested on November 10, 1997, and there is no indication that once arrested the appellant was released on bond. At the sentencing hearing, appellant's counsel indicated to the court that the appellant had already served 64 days in jail (Sentencing T. 3). Crim. R. 32.2 (D) requires the court to forward to the penal institution a statement of the number of days of confinement which the defendant is entitled by law to have credited to his sentence. While this was perhaps an oversight on the part of the trial court, it is clear that the adult parole authority is not authorized to make its own calculation, Corder v. Ohio Dept. ofRehab. and Corr.(1994), 94 Ohio App.3d 315. This court must still remand for the proper calculation.
The appellant's sixth assignment of error is well taken.
The appellant's seventh assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN IMPOSING PROBATION AFTER TERM OF IMPRISONMENT.
The appellant contends that the court lacked the authority to impose probation or post release control upon the appellant after imposing a term of imprisonment. The state concedes that the appellant is correct.
The appellant's seventh assignment of error is well taken.
The appellant's first, third, fourth, and fifth assignments of error are moot pursuant to App.R. 12(A).
Conviction affirmed and remanded for resentencing.
This cause is remanded for resentencing.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TIMOTHY E. McMONAQLE, P.J., and JOHN T. PATTON, J., CONCUR.
 ___________________________________ JAMES D. SWEENEY JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).