OPINION
Defendant-appellant, Johnny Webb, appeals the decision of the Clermont County Court of Common Pleas granting him sixty-eight days credit for jail time served, but denying him further credit.
In 1997, Webb was convicted of attempted felonious assault, failure to comply with an order or signal of a police officer, and driving under the influence. He was sentenced to an aggregate prison term of eighteen months. A February 2, 1998 entry granted fifty-one days of jail confinement credit. On May 6, 1998, Webb was placed on conditioned community control. Webb violated the terms of his community control, and his original sentence was reimposed on June 28, 1999.
In a September 9, 1999 entry, the trial court recognized fifty-six days of jail time served, which included the original fifty-one day credit. On March 14, 2000, Webb filed a motion to have the original fifty-one days added to this credit. Apparently, Webb did not realize that the entry included the fifty-one days. On March 20, 2000, the trial court filed an entry giving Webb credit for sixty-eight days of jail time served, but denying him the additional fifty-one days he requested. Webb appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED, WHEN IT DID NOT CREDIT THE APPELLANT JAIL TIME CREDIT OF 54 DAYS, ABUSING IT'S DISCRETION, MAR 20, 2000, EX. A: PURSUANT TO R.C. § 2967.19.1 APPELLANT IS ENTITLED TO ALL PERIODS OF STATUTORY CONFINEMENT DENYING THE APPELLANT DUE PROCESS OF LAW, EQUAL PROTECTION OF THE LAW UNDER THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION. [sic]
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT MAKING "FINDINGS OF FACT AND CONCLUSIONS OF LAW" WHEN IT DENIED THE APPELLANT'S MOTION, MARCH 20, 2000, BY NOT MAKING"FINDINGS OF FACT AND CONCLUSIONS OF LAW" THEREBY DENYING THE APPELLANT DUE PROCESS OF LAW AS GUARANTEED BY THE 14TH AMENDMENT, OF THE U.S. CONSTITUTION. [sic]
Webb contends that the trial court did not properly credit all of the jail time served to which he was entitled. He argues that the trial court's entry does not provide sufficient facts for this court to properly review that decision.
R.C. 2967.191 provides:
 The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
 Although the Department of Rehabilitation and Correction records the actual credit for time served, the sentencing court has the responsibility of first determining the number of days to be credited. Corder v. Ohio Dept. of Rehab. Corr. (1994), 94 Ohio App.3d 315, 317, appeal dismissed, 70 Ohio St.3d 1441.
On March 14, 2000, a cumulative statement of jail time served, as compiled by the Clermont County Sheriff's Office, was filed in the trial court. This cumulative statement showed that Webb was confined in the Clermont County Jail a total of sixty-eight days in relation to the charges for which he was convicted. The trial court based its decision upon this cumulative statement, properly giving Webb credit for sixty-eight days. The fifty-one days that Webb requested be credited were included in this cumulative statement. Thus the trial court properly denied Webb's request for an additional fifty-one days of credit.
Nothing in R.C. 2967.191 indicates that the trial court is required to state specific findings of fact when making its determination regarding jail time credit. We also note that Webb failed to request such from the trial court subsequent to the trial court's decision. In any case, the trial court's judgment entry and the record support this decision and include sufficient facts for this court to review.
The trial court did not err in crediting Webb sixty-eight days for jail time served and denying his request for further credit. The assignments of error are overruled.