OPINION
Defendant-appellant, William H. Thompson, appeals his sentence in the Warren County Court of Common Pleas following convictions for two counts of domestic violence.
Appellant was indicted on two counts of domestic violence and one count of felonious assault. On July 23, 1999, appellant was committed to the custody of the Warren County Jail and bond was set at $15,000. On December 13, 1999, appellant posted bond and was released from custody. Subsequently, appellant was convicted of two counts of domestic violence and received concurrent sentences of eleven months on each count. At sentencing, the trial court determined that appellant should be credited with forty-two days towards his prison time.
In his sole assignment of error, appellant argues that the trial court miscalculated the number of days to be credited against appellant's sentence in consideration for jail time appellant served prior to trial.
R.C. 2967.191 provides:
 The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial[.]
Although the Department of Rehabilitation and Correction records the actual credit for time served, the sentencing court has the responsibility of first determining the number of days to be credited.Corder v. Ohio Dept. of Rehab. Corr. (1994), 94 Ohio App.3d 315, 317, appeal dismissed, 70 Ohio St.3d 1441; State v. Webb (Oct. 2, 2000), Clermont App. No. CA2000-04-026, unreported, at 3. In this case, the trial court determined that appellant's sentence should be credited by forty-two days.
Our review of the record indicates that while awaiting trial, appellant remained in the Warren County Jail from July 23, 1999 through December 13, 1999, which is a period of one hundred forty- two days. Therefore, appellant's sentencing entry, which credits appellant with only forty-two days, contains a clerical error. Appellant's sentence shall be amended accordingly to credit appellant with one hundred forty-two days of jail time. The assignment of error is sustained.
Judgment affirmed as modified.
 ______________ VALEN, J.
YOUNG, P.J., and WALSH, J., concur.