[Cite as *Doty v. Ohio Dept. of Rehab. & Corr.*, 2009-Ohio-7176.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

IAN M. DOTY

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION & CORRECTION

    Defendant

    Case No. 2009-05471-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Ian M. Doty, a former inmate under the custody and control of defendant, Department of Rehabilitation and Correction (DRC), filed this claim alleging that he was held for a period of 110 days beyond the expiration of his prison term due to actions on the part of the Adult Parole Authority (APA). According to records, plaintiff was convicted of a fifth degree felony (Importuning) in 2005, sentenced to a prison term of eleven months with the assigned inmate #A495-537, and was subsequently placed under Post Release Control (PRC) on February 23, 2006 carrying a PRC supervision period of 5 years. When plaintiff was given his PRC Result Notification (document submitted) he was advised by the following notification captioned: "Parole Board Imposed Special Conditions: I understand I will be subject to imprisonment of up to ½ my original sentence as a result of violations of my Post Release Control." In 2008 plaintiff violated his PRC status under #A495-537 by committing new crimes not related to his original conviction. Incident to this new criminal conviction, plaintiff was considered a parole violator and an APA Hearing Officer, Richard Fitzgerald, conducted a parole revocation hearing on December 22, 2008. As a result of the hearing, Fitzgerald imposed upon plaintiff a PRC time sanction of 134 days prison term length.

In the APA Hearing Summary Report (copy submitted), Fitzgerald noted: "[w]hile on 5 yrs mandatory PRC subject (plaintiff) convicted of new felonies under #537157 then released back to PRC on #495537 on September 7, 2008." Plaintiff asserted that at the time Fitzgerald imposed the 134 PRC time sanction he "had only 70 day(s) prison sanction available" under his 2005 Importuning conviction bearing inmate #A495-537. Plaintiff submitted documentation showing he had a previous APA prison term sanction of 90 days imposed on September 12, 2006 and ended on December 10, 2006. This previous sanction was imposed under inmate #A495-537 and resulted in plaintiff's PRC expiration date extending to December 9, 2011. Plaintiff maintained he could have received more sanction time related to his 2008 criminal conviction for theft with assigned inmate #A537-157. Documents submitted indicated no PRC sanctions were imposed for this new conviction under #A537-157. All sanctions were imposed under inmate #A495-537. Plaintiff contended APA representative Fitzgerald "abused his authority by imposing 110 days of wrongful imprisonment by not following Ohio Revised Code 2967.28"[1] when imposing sanctions in December 2008. Plaintiff reasoned he was wrongfully imprisoned under inmate #A495-537 for the period of February, March, April, and part of May, 2009.

{¶ 2} Consequently, plaintiff filed this complaint explaining he receives monthly benefits from the Social Security Administration amounting to $449.34 a month and

---

[1] R.C. 2967.28 deals with post release control sanctions for offenders and proceedings upon violation. The particular version of R.C. 2967.28 that was in effect at the time sanctions were imposed upon plaintiff provided in pertinent part:

"(B) Each sentence for *** a felony sex offense *** shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment.

"(1) For a felony of the first degree or for a felony sex offense, five years."

In regard to hearings and imposition of sanctions R.C. 2967.28(F)(3) stated in relevant part:

"*The parole board may hold a hearing on any alleged violation by a releasee of a post-release control sanction or any conditions described in division (A) of section 2967.131 [2967.13.1] of the Revised Code that are imposed upon the releasee. If after the hearing the board finds that the releasee violated the sanction or condition, the board may increase the duration of the releasee's post-release control up to the maximum duration authorized by division (B) or (C) of this section ***.*

"*** The period of a prison term that is imposed as a post-release control sanction under this division shall not exceed nine months and the maximum cumulative prison term for all violations under this division shall not exceed one-half of the stated prison term originally imposed upon the offender as part of this sentence. The period of a prison term that is imposed as a post-release control sanction under this division shall not count as, or be credited toward, the remaining period of post-release control.

"*If an offender is imprisoned for a felony committed while under post-release control supervision and is again release on post-release control for a period of time determined by division (F)(4)(d) of this section, the maximum cumulative prison term for all violations under this division shall not exceed one-half of the total stated prison terms of the earlier felony, reduced by any prison term administratively imposed by the parole board, plus one-half of the total stated prison term of the new felony.*" (Emphasis

apparently, he did not receive the monthly benefits for February, March, April, and part of May, 2009 due to his imprisonment.  Total damages sought in this claim for the loss of Social Security benefits amounts to $1,492.96.  The filing fee was paid.

{¶ 3}  Defendant denied APA Chief Hearing Officer, Richard Fitzpatrick, abused his authority in imposing the prison term sanction of 134 days upon plaintiff.  Defendant asserted plaintiff has failed to produce evidence to establish the necessary elements of false imprisonment as a result of Fitzpatrick's act incident to the December 22, 2008 parole violation hearing.  Evidence is undisputed that plaintiff was convicted of Theft and Receiving Stolen Property, both felonies of the fifth degree, while he was under PRC for the earlier Importuning offense.  Evidence has been submitted to show plaintiff was subject to an aggregate prison sentence of two years based on the new felony convictions.  Evidence has also shown plaintiff received no PRC sanctions under his new felony convictions, but was still subject to the remaining PRC sanctions under his Importuning conviction.  Defendant explained the APA prison sanction time imposed on plaintiff was done in compliance with R.C. 2967.28, despite the fact plaintiff did not receive any PRC sanction under the Theft and Receiving Stolen Property convictions.  Defendant pointed out R.C. 2967.28(F)(3) states in relevant part:  "[i]f an offender is imprisoned for a felony committed while under post-release control supervision and is again released on post-release control for a period of time determined by division (F)(4)(d) of this section, the maximum cumulative prison term for all violations under this division shall not exceed one-half of the total stated prison terms of the earlier felony, reduced by any prison term administratively imposed by the parole board or court, plus one-half of the total stated prison term of the new felony."  Defendant further explained plaintiff's APA prison sanction time was calculated by adding one-half of the sentence on the earlier felony conviction (Importuning, 336 days total) to one-half the sentence on the subsequent felony convictions (Theft and Receiving Stolen Property, 730 days total).  One-half of the earlier conviction sentence amounted to 168 days and one-half of the subsequent felony convictions sentences amount to 365 days with a total APA prison sanction time available of 533 days.  Defendant advised plaintiff was given an APA prison sanction time of 134 days incident to the December 22, 2008 hearing.  At that time, plaintiff was subject to available APA prison sanction time of 252 days since there had been previous sanctions of 224 days imposed on plaintiff and he had received

added.)

jail time credit of 57 days. Defendant related APA Chief Hearing Officer, Richard J. Fitzpatrick, "was well within his authority to impose" a prison time sanction of 134 days upon plaintiff. Defendant argued "[p]laintiff has provided no argument or authority that his sanction time was not calculated properly under O.R.C. 2967.28."

Plaintiff filed a response which contained a motion for default judgment based on the contention that defendant did not timely file an investigation report. In his response, plaintiff did not offer any evidence to prove his allegations based on false imprisonment.

{¶ 4} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time.'" *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St. 3d 107, 109, 573 N.E. 2d 633, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St. 2d 69, 71, 4 O.O. 3d 158, 362 N.E. 2d 646. The elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and, 3) knowledge that the privilege initially justifying the confinement no longer exists. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App. 3d 315, 318, 640 N.E. 2d 879.

{¶ 5} After reviewing all the evidence, the court concludes plaintiff has failed to prove the necessary elements to prevail on a claim based on false imprisonment. Evidence establishes the APA Chief Hearing Officer acted properly within the statutory parameters of R.C. 2967.28(F)(3) when imposing the APA prison sanction term on plaintiff and did not abuse his discretion when imposing a term of 134 days. Consequently, plaintiff's claim is denied.

{¶ 6} Plaintiff also asserts he should be granted default judgment since the defendant failed to timely file the investigation report even after ordered to do so by this court.

{¶ 7} Civ.R. 55(D) in pertinent part states:

{¶ 8} "No judgment by default shall be entered against this state . . . or agency . . . unless the claimant establishes his claim . . . by evidence satisfactory to the court."

{¶ 9} As stated above, plaintiff has failed to prove the necessary elements of false imprisonment. Therefore, plaintiff's claim for default judgment is also denied.

Court of Claims of Ohio

IAN M. DOTY

      Plaintiff

      v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

      Defendant

      Case No. 2009-05471-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. All remaining pending motions are considered DENIED. Court costs are assessed against plaintiff.

                                             _____
                                           DANIEL R. BORCHERT
                                           Deputy Clerk

Entry cc:

Ian M. Doty
13 Kenny Court #4C
Milford, Ohio 45150

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

RDK/laa
Filed 12/1/09
Sent to S.C. reporter 3/18/10