[Cite as *Good v. Adult Parole Auth. of Ohio*, 2010-Ohio-861.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HOWARD E. GOOD

Plaintiff

v.

ADULT PAROLE AUTHORITY OF OHIO

Defendant

Case No. 2009-03835

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

DECISION

{¶ 1} On November 19, 2009, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On December 1, 2009, plaintiff filed a response. On December 14, 2009, defendant filed an affidavit in support of its motion. On January 7, 2010, plaintiff filed a "response" to the affidavit. On January 11, 2010, plaintiff filed an additional response. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from

the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 4}** Plaintiff alleges that on April 2, 2008, September 12, 2008, and an unspecified date in late September 2008, defendant "falsely arrested" and then confined him in various holding facilities for alleged violations of his post-release control. Plaintiff asserts that defendant had no authority to arrest and detain him inasmuch as the order of post-release control was void. Defendant argues that it arrested plaintiff pursuant to valid sentencing entries issued by the Butler County Court of Common Pleas and that it promptly terminated plaintiff's post-release control supervision, and released plaintiff from custody when it received the appropriate entries from that court.

**{¶ 5}** In support of its motion, defendant filed the affidavit of Melissa Adams. Adams is the Chief of the Ohio Department of Rehabilitation and Correction's Bureau of Sentence Computation who reviews sentence computations as part of her duties. She states in her affidavit:

**{¶ 6}** "2. I have personal knowledge and am competent to testify to the facts contained in this Affidavit.

**{¶ 7}** "3. Pursuant to valid sentencing orders from the Butler County Common Pleas Court, [plaintiff] was under post-release control supervision under Case Numbers CR02-03-0429 and CR01-12-1764.

**{¶ 8}** "4. On or about August 26, 2009, the Butler County Common Pleas Court issued an entry terminating [plaintiff's] post-release control supervision in Case No. CR02-03-0429.

**{¶ 9}** "5. However, because [plaintiff's] post release control supervision was only terminated in Case No. CR02-03-0429, defendant contacted the Butler County Common Pleas Court to inquire about the status of his post-release control supervision in Case No. CR01-12-1764.

{¶ 10} "6. On or about November 12, 2008, Butler County Common Pleas Court issued an entry terminating [plaintiff's] post-release control supervision in Case No. CR01-12-1764.

{¶ 11} "7. Upon receiving the November 12, 2008 entry, [plaintiff's] post-release control supervision was terminated on or about November 17, 2008.

{¶ 12} "8. True and accurate copies of the indictment, plea of guilty and jury waiver, judgment of conviction entry and August 26, 2008 entry in Butler County Common Pleas No. CR02-03-0429 are attached to this Affidavit as Ex.1.

{¶ 13} "9. True and accurate copies of the indictment, plea of guilty and jury waiver, judgment of conviction entry and November 12, 2008 entry in Butler County Common Pleas No. CR01-12-1764 are attached to this Affidavit as Ex.2."

{¶ 14} The Tenth District Court of Appeals has held that "[t]he essence of the tort of false arrest is the depriving of a person of his or her liberty without lawful justification. Specifically, a plaintiff must show only that he or she was detained and that the detention was unlawful." *Harvey v. Horn* (1986), 33 Ohio App.3d 24, 27.

{¶ 15} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time * * *." *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71. The elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and, 3) knowledge that the privilege initially justifying the confinement no longer exists. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318. However, "'an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear that such judgment or order is void.'" *Bennett*, supra, at 111, quoting *Diehl v. Friester* (1882), 37 Ohio St. 473, 475.

{¶ 16} The sentencing entries for Case Nos. CR02-03-0429 and CR01-12-1764 both state that plaintiff "is ordered to serve as part of this sentence any term of post release control imposed by [the parole board], and any prison term for violation of that post release control." (Adams Affidavit Exhibits 1 and 2.)

{¶ 17} In an entry dated November 12, 2008, the sentencing court stated that "[the Adult Parole Authority of Ohio] may not impose post-release control on [the defendant, Howard E. Good] in case numbers CR01 12 1764 and CR02 03 0429," and ordered defendant to "terminate post-release control and release [Mr. Good] from its rules and regulations pertaining to post-release control." (Adams Affidavit Exhibit 2.)

{¶ 18} Based upon the allegations of plaintiff's complaint, the uncontested affidavit testimony of Adams, and the relevant sentencing entries attached thereto, the only reasonable conclusion to draw is that defendant acted pursuant to its authority and in accordance with valid orders of the sentencing court at all times relevant. Therefore, defendant was lawfully privileged to arrest and confine plaintiff until it learned that such privilege no longer existed. *Williams v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-77, 2009-Ohio-3958, ¶16. After defendant learned that plaintiff was no longer subject to post-release control it terminated supervision of plaintiff. Accordingly, plaintiff cannot prevail on his claims.

{¶ 19} For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HOWARD E. GOOD

    Plaintiff

    v.

ADULT PAROLE AUTHORITY OF OHIO

Defendant

Case No. 2009-03835

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

JUDGMENT ENTRY

A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Amy S. Brown                          Howard E. Good
Peter E. DeMarco                      809 16th Avenue
Assistant Attorneys General           Middletown, Ohio 45044
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

MR/cmd
Filed February 19, 2010
To S.C. reporter March 3, 2010