[Cite as *Lucas v. Bur. Of Sentence Computation*, 2010-Ohio-3477.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL R. LUCAS

 Plaintiff

 v.

BUREAU OF SENTENCE
COMPUTATION

 Defendant

[Cite as *Lucas v. Bur. Of Sentence Computation*, 2010-Ohio-3477.]

Case No. 2009-08705

Judge Clark B. Weaver Sr.
Magistrate Lee Hogan

<u>MAGISTRATE DECISION</u>

**{¶ 1}** Pursuant to Civ.R. 53, Magistrate Lee Hogan was appointed to conduct all proceedings necessary for decision in this matter.

**{¶ 2}** On April 9, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56. Plaintiff did not file a memorandum contra. On June 8, 2010, the court conducted an oral hearing on the motion. Plaintiff failed to appear for the hearing.

**{¶ 3}** Civ.R. 56(C) states, in part, as follows:

**{¶ 4}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 5}** Plaintiff filed this action alleging false imprisonment. "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" *Bennett v.*

*Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71.  The elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and 3) knowledge that the privilege initially justifying the confinement no longer exists.  *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318. Plaintiff contends that defendant unlawfully held him beyond his prison term because he was entitled to 109 days of jail-time credit and only nine days were applied against his sentence.

**{¶ 6}**  Defendant asserts that plaintiff cannot establish liability for false imprisonment because he was at all times confined pursuant to valid court orders.  In support of its motion, defendant submitted the affidavit of Melissa Adams, Chief of the Bureau of Sentence Computation (BOSCO ) for the Ohio Department of Rehabilitation wherein she states:

**{¶ 7}**  "1)    * * *

**{¶ 8}**  "2)    I have personal knowledge, and I am competent to testify to the facts contained in this Affidavit.  Any document attached to this Affidavit is a true and accurate copy of what is found in the file of BOSCO pertaining to [plaintiff].  These documents are created, received and maintained in the ordinary course of business at BOSCO and were created by individuals with personal knowledge at or near the time of the events in question.

**{¶ 9}**  "3)    [Plaintiff] was admitted to the custody and control of the DRC on July 7, 2008 from Gallia County serving an eleven (11) month sentence in each of his criminal cases: 08CR109 and 07CR68.

**{¶ 10}**  "4)    On June 25, 2008, [plaintiff] was sentenced in case 07CR68 and was granted nine (9) jail credit days.  After conveyance time was calculated, [plaintiff] received a total of 20 days of jail time credit. See Exhibit 1.

**{¶ 11}**  "5)    On June 30, 2008, [plaintiff] was sentenced in case 08CR109 and

was not given any jail credit.  After conveyance time was calculated, [plaintiff] received a total of 7 days of jail credit.  See Exhibit 2.

{¶ 12} "6)   Since both cases were eleven (11) months, 08CR109 was the controlling case to determine the release date since this case expired last. The release date was calculated as May 30, 2009.

{¶ 13} "7)   On August 29, 2008, [plaintiff] then sent a letter to BOSCO attaching a journal entry dated June 25, 2009 [sic] from Gallia County Common Pleas Court.  This entry purported that [plaintiff] was to receive one hundred and nine days [109] days of jail time credit.  See Exhibit 3.

{¶ 14} "8)   On January 16, 2009, BOSCO staff member Rebecca [0' Donnell], Correction

Record Management Officer, was asked by Lora Heiss, Correction Record Management Supervisor, to verify the jail time credit since it was different than the original entry received by BOSCO from the Court. See Exhibits 1, 3, & 4.

{¶ 15} "9)   The Gallia County Clerk of Court s verified by phone that only nine (9) days of jail credit were granted.  Ms. Heiss wrote a conduct report for [plaintiff] for violating DRC Rule 34 for forging, possessing, or obtaining forged or falsified documents which purport to effect release or reduction of sentence. See Exhibits 4, 5 & 6.

{¶ 16} "10)   [Plaintiff] continued to question the jail credit days by written correspondence.  On February 12, 2009, Ms. Heiss wrote to Judge D. Dean Evans of Gallia County for additional verification of the jail time credit.  See Exhibits 7 & 8.

{¶ 17} "11)   On February 24, 2009, Judge Evans verified that the Entry dated June 25, 2008 ordered that [plaintiff] receive nine (9) days of jail credit for time served. He further outlined that [plaintiff] had spent a total of twelve (12) additional days awaiting transportation, or conveyance time.  See Exhibit 9.

{¶ 18} "12)   On February 25, 2009, Judge Evans entered a Journal Entry clarifying the jail time credit issue and ordered that [plaintiff] was entitled to twenty-one

(21) days of jail time credit, which included the nine (9) days of jail time served and twelve (12) days of credit for conveyance. See Exhibit 10.

{¶ 19} "13) On March 4, 2009, Ms. Heiss sent a letter to Judge Evans confirming the receipt of the February 25, 2009 Entry and asking for clarification as [BOSCO's] calculation determined that [plaintiff's] sentence was reduced by twenty (20) days. See Exhibit 11. On the same day, Ms. Heiss sent a memorandum to [plaintiff] explaining the jail credit calculation and told him to contact the sentencing judge if he believed he was entitled to more jail credit. See Exhibit 12. BOSCO did not have additional communication with the Court concerning the jail time credit.

{¶ 20} "14) [Plaintiff] was released on May 30, 2009."

{¶ 21} Based solely upon review of Adam's affidavit, it appears that defendant failed to follow through with Judge Evans and thus, failed to determine whether it correctly calculated plaintiff's release date of May 30, 2009, based upon 20 days of jail-time credit rather than the 21 days stated in the court's February 25, 2009 journal entry. However, examination of the exhibits attached to the affidavit reveals that, in her March 4, 2009 clarification request letter to Judge Evans, Heiss explained that: "[t]he [February 25, 2009] entry indicates the inmate was incarcerated in jail from April 20, 2007 through April 25, 2007 for 6 days; May 27, 2008 through May 28, 2008 for 2 days; and June 25, 2008 through July 7, 2008 for 13 days. As July 7, 2008 is [plaintiff's] admission date and applied as prison time, we have calculated the credit as 12 days for June 25, 2008 through July 6, 2008 for an aggregate jail time credit of 20 days for case 07CR68. * * * If we have not followed the court's intent, please contact our office at the above address, telephone * * *, or fax * * *." The letter also explains that plaintiff's sentence on Case 08CR109, for which no pre-transportation jail-time credit was granted, was calculated in the same manner, that is, not counting plaintiff's day of arrival at the institution as a day of jail-time credit. (Defendant's Exhibit 11.) Plaintiff received a copy of both the February 25, 2009 journal entry and a March 4, 2009 letter

from Heiss explaining how his release date had been calculated in comparison to the judge's entry and advising plaintiff that: "If you feel you are entitled to additional credit, we suggest you contact the sentencing judge." (Defendant's Exhibit 12.) Thus, both the judge and plaintiff were made aware of defendant's release date calculation based upon 20 days of jail-time credit and were provided an opportunity to respond. As noted in the affidavit, no further communication was received from the court. There is also no evidence that plaintiff took any further action on his own behalf.

{¶ 22} Ohio Adm.Code 5120-2-04(H) provides that:

{¶ 23} "The bureau of sentence computation shall not reduce a sentence, stated prison term or combination thereof for jail time credit except in accordance with this rule. A party questioning either the number of days contained in the journal entry or the record of the sheriff shall be instructed to address his concerns to the court or sheriff. *Unless the court issues an entry modifying the amount of jail time credit or the sheriff sends the institution corrected information about time confined awaiting transport, no change will be made.* (Emphasis added.)

{¶ 24} Upon review, and construing the evidence most strongly in plaintiff's favor, the court finds that the only reasonable conclusion to be drawn from the unrebutted affidavit testimony and attached exhibits is that defendant did not intentionally confine plaintiff without lawful privilege to do so.

{¶ 25} Civ.R. 56(E) provides in pertinent part:

{¶ 26} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 27} The court finds that there is no genuine issue of material fact and that defendant  is entitled to judgment as a matter of law. It is therefore recommended that

defendant's motion for summary judgment be granted and judgment be rendered in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
LEE HOGAN
Magistrate

cc:

Jennifer A. Adair
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Michael R. Lucas
1187 Swain Creek Road
Crown City, Ohio 45624

LH/cmd
Filed July 6, 2010
To S.C. reporter July 22, 2010