[Cite as *Cummins v. Madison Correctional Inst.*, 2010-Ohio-3738.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


MICHAEL E. CUMMINS

Plaintiff

v.

MADISON CORRECTIONAL INSTITUTION

Defendant

Case No. 2010-01999

Judge Alan C. Travis

DECISION


{¶ 1} On March 19, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On April 15, April 23, and May 18, 2010, plaintiff filed responses. On May 14, 2010, the court conducted an oral hearing on the motion.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 4}** From June 7, 2001, until November 4, 2001, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff alleges that he is innocent of the crime for which he was imprisoned and that defendant has falsely imprisoned him. Plaintiff further alleges that defendant "[c]ontinuously threaten[ed] plaintiff and plaintiff's family during and after plaintiff's false imprisonment."

**{¶ 5}** R.C. 2743.16(A) provides, in relevant part:

**{¶ 6}** "[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of the accrual of the cause of action *or within any shorter period that is applicable to similar suits between private parties.*" (Emphasis added.)

**{¶ 7}** Pursuant to R.C. 2305.11(A), an action for false imprisonment must be brought within one year after the cause of action accrues. *Mickey v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-539, 2003-Ohio-90; *Haddad v. Dept. of Rehab. & Corr.*, Franklin App. No. 01AP-1130, 2002-Ohio-2813. As a general rule, a claim for false imprisonment accrues upon a plaintiff's release from confinement. *McAllister v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2003-04449, 2004-Ohio-3823, citing *Haddad*, supra.

**{¶ 8}** Plaintiff's claim for false imprisonment thus accrued upon his release from defendant's custody on November 4, 2001. On June 20, 2007, plaintiff filed his original complaint in Case No. 2007-05849, which was later dismissed and re-filed in the present case pursuant to the savings statute, R.C. 2305.19. Inasmuch as plaintiff filed his complaint in Case No. 2007-05849 more than one year after his release, the savings statute does not apply and his claim for false imprisonment is barred by the statute of limitations.

**{¶ 9}** Furthermore, even if plaintiff had timely filed his claim for false imprisonment, defendant is entitled to judgment as a matter of law. "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time * * *.'" *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting

*Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71. The elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and, 3) knowledge that the privilege initially justifying the confinement no longer exists. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318. However, "'an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear that such judgment or order is void.'" *Bennett*, supra, at 111, quoting *Diehl v. Friester* (1882), 37 Ohio St. 473, 475.

{¶ 10} In support of its motion, defendant provided the affidavit of Melissa Adams, Chief of defendant's Bureau of Sentence Computation. Therein, Adams states that defendant confined plaintiff at all times pursuant to a valid sentencing order of the Greene County Court of Common Pleas. Based upon the allegations of plaintiff's complaint and the uncontested affidavit testimony of Adams, the only reasonable conclusion that can be drawn is that, at all times while plaintiff was in defendant's custody, he was imprisoned in accordance with a valid court order. Therefore, plaintiff's claim for false imprisonment must fail as a matter of law. Additionally, to the extent that plaintiff asserts a claim of wrongful imprisonment pursuant to R.C. 2743.48, plaintiff has not offered evidence that his conviction was vacated or reversed, or that he followed the procedures set forth in R.C. 2305.02 and 2743.48.

{¶ 11} With regard to the allegation that defendant threatened plaintiff and his family, the court construes this as a claim for intentional infliction of emotional distress. In order to prevail upon such a claim, plaintiff must show that: "(1) defendant intended to cause emotional distress, or knew or should have known that actions taken would result in serious emotional distress; (2) defendant's conduct was extreme and outrageous; (3) defendant's actions proximately caused plaintiff's psychic injury; and (4) the mental anguish plaintiff suffered was serious." *Hanly v. Riverside Methodist Hosp.* (1991), 78 Ohio App.3d 73, 82, citing *Pyle v. Pyle* (1983), 11 Ohio App.3d 31, 34.

{¶ 12} To constitute conduct sufficient to give rise to a claim of intentional infliction of emotional distress, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager v. Local Union 20,*

*Teamsters* (1983), 6 Ohio St.3d 369, 375, quoting 1 Restatement of the Law 2d, Torts (1965) 73, Section 46, Comment d.

{¶ 13} "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. * * * Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' *The liability clearly does not extend to mere* insults, indignities, *threats*, annoyances, petty oppressions, or other trivialities." Id. at 374-375. (Emphasis added.)

{¶ 14} Upon review, the court finds the allegation that defendant "threatened" plaintiff and his family insufficient to support a claim for intentional infliction of emotional distress. Accordingly, this claim must fail as a matter of law.

{¶ 15} Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL E. CUMMINS

Plaintiff

v.

MADISON CORRECTIONAL INSTITUTION

Defendant
Case No. 2010-01999

Judge Alan C. Travis

<u>JUDGMENT ENTRY</u>


An oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


_____
ALAN C. TRAVIS
Judge

cc:

Stephanie D. Pestello-Sharf            Michael E. Cummins
Assistant Attorney General            1900 Spangler Road, #60
150 East Gay Street, 18th Floor       Fairborn, Ohio 45324
Columbus, Ohio 43215-3130

RCV/cmd
Filed July 20, 2010
To S.C. reporter August 11, 2010