[Cite as *Bobo v. Dept. of Rehab. & Corr.*, 2011-Ohio-374.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VICTOR BOBO

     Plaintiff

     v.

DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2010-08535

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} This case is sua sponte assigned to Judge Joseph T. Clark to conduct all proceedings necessary for decision in this matter.

{¶ 2} On September 27, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 3} Civ.R. 56(C) states, in part, as follows:

{¶ 4} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party

against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 5} Plaintiff asserts a claim of false imprisonment, alleging that he was improperly held in defendant's custody from May 24, 2010, until July 21, 2010. Defendant argues that plaintiff was held pursuant to a valid court order.

{¶ 6} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time * * *.'" *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71. The elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and 3) knowledge that the privilege initially justifying the confinement no longer exists. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318. However, "'an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear that such judgment or order is void.'" *Bennett*, supra, at 111, quoting *Diehl v. Friester* (1882), 37 Ohio St. 473, 475.

{¶ 7} In support of its motion, defendant filed the affidavit of Melissa Adams, who states:

{¶ 8} "1. I am the Chief of the Bureau of Sentence Computation (BOSC) of [defendant] and have held this position for one year. * * *

{¶ 9} "2. I have personal knowledge and I am competent to testify to the facts contained in this affidavit.

{¶ 10} "3. Plaintiff * * * was admitted to [defendant] on October 26, 2009, after he was sentenced to ten months for receiving stolen property from Cuyahoga County under Case Numbers CR09527085. At the time of admission, the journal entry

indicated credit for 86 days plus 5 days conveyance time for a total of 91 days jail time credit. [Defendant] certified a release date of May 24, 2010.

{¶ 11} "4. [Plaintiff] was then taken out to court and sentenced April 1, 2010, on Cuyahoga Case No. CR09532714. He received a six month sentence for Possession of Drugs, Felony 5. The entry granted 71 days jail time credit plus 12 days conveyance time for a total of 83 days credit. Case No CR09532714 was computed beginning on [plaintiff's] return from court date of April 14, 2010, using six months reduced by 83 days jail time credit for an expiration of stated term of July 21, 2010.

{¶ 12} "5. [Defendant] held [plaintiff] for the period specified in the sentencing orders minus his jail time credit as required by applicable state law."

{¶ 13} Plaintiff did not file any affidavit to dispute the averments made by Adams.

{¶ 14} Civ.R. 56(E) provides in part:

{¶ 15} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 16} Based upon the undisputed affidavit testimony provided by defendant, the court finds that defendant properly computed plaintiff's release date and was privileged to confine him at all relevant times. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Stephanie D. Pestello-Sharf        Victor Bobo
Assistant Attorney General        3689 East 76th Street
150 East Gay Street, 18th Floor        Cleveland, Ohio 44105
Columbus, Ohio 43215-3130

MR/cmd
Filed January 14, 2011
To S.C. reporter January 27, 2011