FELICIANO ET AL., APPELLEES, v. KREIGER, SHERIFF, ET AL., APPELLANTS.

(No. 76-798—Decided May 4, 1977.)

70

*Disbro & Ellerin Co., L. P. A.,* and *Mr. Raymond P. Macoska,* for appellees.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Richard A. Hoenigman,* for appellants.

*Per Curiam.* False imprisonment has been succinctly defined in the following manner: " * * * to confine one intentionally without lawful privilege and against his consent within a limited area for any appreciable time, however short." 1 Harper and James, The Law of Torts, 226, Section 3.7 (1956).

At the time of the arrest in the instant cause, R. C. 2935.03 provided, in pertinent part, that "[a] sheriff, deputy sheriff, marshall, deputy marshall, or police officer shall arrest and detain a person found violating a law of this state, or an ordinance of a municipal corporation, until a warrant can be obtained.'" The language "found violating" has been interpreted to mean that an officer may make a warrantless arrest for a misdemeanor only when committed in his presence. *State* v. *Mathews* (1976), 46 Ohio St. 2d 72, 75-76.

At the trial level, therefore, the issue revolved around whether Santiago Feliciano, Sr., committed an assault

---

[1]This section was amended by Am. Sub. House Bill No. 511, effective January 1, 1974.

and battery on a sheriff's deputy in the presence of deputy Fenn. The testimony was in conflict as to the events that occurred. Although deputies Fenn and Clark testified that they witnessed Santiago Feliciano, Sr., unlawfully resist law enforcement authorities through the use of physical force, the Felicianos testified that the appellant Fenn was the aggressor.

Since reasonable minds could reach different conclusions concerning this testimony, determination as to what occurred was a question of fact for the jury. Paragraph five of the syllabus in *State* v. *Antill.* (1964), 176 Ohio St. 61.[2] This court on review will not disturb this jury finding so long as there was competent evidence to support it. Paragraph one of the syllabus in *Landis* v. *Kelly* (1875), 27 Ohio St. 567; paragraph two of the syllabus in *Katz* v. *American Finance Co.* (1925), 112 Ohio St. 24; *State, ex rel. Pomeroy,* v. *Webber* (1965), 2 Ohio St. 2d 84.

In the instant cause, the testimony as provided by the Felicianos could justify the jury's conclusion that appelants Kreiger and Fenn were liable to Santiago Feliciano, Sr., for false imprisonment.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, STERN, SWEENEY and LOCHER, JJ., concur.

STERN, J., retired, assigned to active duty under authority of Section 6 (C), Article IV, Constitution, sitting for P. BROWN, J.

---

[2] See *State, ex rel. Morris,* v. *Mills* (W. Va. 1974), 203 S. E. 2d 362: *White* v. *Pierson* (Colo. App. 1974), 533 P. 2d 514.