OPINION
This is a declaratory judgment action brought by appellant, Consolidated Investment Corp., d.b.a. MacAmerica ("Consolidated"), against appellee, Kemper Insurance Company ("Kemper"), in an attempt to force Kemper to defend under a contract of insurance. The following facts are relevant to a determination of this appeal.
In August 1995, Christina Rhodes, Barbara K. Sullivan, and Marsha Bratzel sued Consolidated in an underlying action. Rhodes and Bratzel, both minor females, were employees of Consolidated working at its McDonald's restaurant in Saybrook Township, Ohio. Their supervisor was James Turcotte. In their complaint, the young women alleged that on August 4, 1994, they were called into Turcotte's office, individually, and told that a customer's change purse had been reported stolen. Each was handed the telephone and told by Turcotte to speak with a sheriff's deputy who was on the line. The alleged deputy instructed each girl to allow Turcotte to strip-search her. Rhodes complied with the request and removed most of her clothing. Turcotte searched Rhodes by touching various parts of her body. Bratzel refused to consent to a strip search but did permit Turcotte to conduct a "pat down" search of her body on the outside of her clothes.
Rhodes, her mother, Barbara Sullivan, and Bratzel all claimed that they suffered severe emotional distress as a result of Turcotte's conduct. Further, they claimed that at all relevant times Turcotte was working in his capacity as restaurant manager, that he was supervising Rhodes and Bratzel, and that he was advancing Consolidated's pecuniary and business interests. The three plaintiffs sued Consolidated under a respondeat superior
theory based upon allegations that Turcotte was acting within the scope of his employment with Consolidated when these events occurred.
Turcotte admitted that he searched the two girls but denied molesting them in any way. He maintained that the searches were conducted in conjunction with the Sheriff's Department to determine if there was a thief in the store.
On December 3, 1997, Consolidated filed the present declaratory judgment action in the Ashtabula County Court of Common Pleas. Consolidated sought a judgment declaring that its insurance company, Kemper, had a duty to defend them in the lawsuit filed by Rhodes, Sullivan, and Bratzel. Kemper denied that the incident was covered under its policy. Both sides filed motions for summary judgment.
On September 10, 1998, the trial court granted Kemper's motion for summary judgment and denied Consolidated's motion for summary judgment. First, the trial court noted that the underlying case involving Rhodes, Sullivan, and Bratzel had ended in a voluntary dismissal by the plaintiffs on June 5, 1998. However, Consolidated still claimed that its insurance carrier, Kemper, was liable to pay Consolidated's litigation expenses incurred while defending the case. The trial court, in ruling in favor of Kemper, reasoned that the acts of Turcotte were not accidental and, further, that they did not arise in the course of Turcotte's employment. Accordingly, the trial court held that the alleged injuries were not covered under the insurance policy issued by Kemper.
Consolidated timely filed a notice of appeal and has now set forth the following assignments of error:
 "1. The trial court erred in denying plaintiff-appellant's motion for summary judgment and in granting defendant-appellee's motion for summary judgment, in that the parties' contract of insurance provides coverage for injuries arising out of false imprisonment and regarding which there is no applicable exclusion.
 "2. The trial court erred in denying plaintiff-appellant's motion for summary judgment and in granting defendant-appellee's motion for summary judgment as to Coverage A."
In the first assignment of error, Consolidated claims that the trial court erred in denying its motion for summary judgment and in granting Kemper's motion for summary judgment since the parties' contract of insurance provides coverage for injuries arising out of false imprisonment.
In the case sub judice, Kemper agreed to defend and indemnify Consolidated for "personal injury" caused by an offense arising out of the conduct of Consolidated's business. See Coverage B, part 1. a-b, of the insurance contract between the parties. "Personal injury" is specifically defined as including "false arrest, detention or imprisonment" pursuant to Section V, part 14. a. Under Ohio law, "[f]alse imprisonment occurs when a person confines another intentionally '"without lawful privilege and against his consent within a limited area for any appreciable time, however short."'" Bennett v. Ohio Dept of Rehab. Corr. (1991), 60 Ohio St.3d 107, 109, quoting Feliciano v. Kreiger
(1977), 50 Ohio St.2d 69, 71.
The trial court rejected Consolidated's argument that "personal injury" under Coverage B applied because it found that the injury did not arise out of the conduct of Consolidated's business. Specifically, the trial court stated "the manager's actions were not for the benefit of McDonalds, rather the manager intended to have minor employees remove their clothing. The manager was motivated by his own personal intentions because the manager's actions have no relationship to further promote Consolidated's business."
Consolidated asserts that the trial court's decision was in error because it is contrary to the allegations that were in the underlying complaint. There, the women alleged that at all relevant times Turcotte was working in his capacity as the restaurant manager, and that he was advancing and furthering Consolidated's pecuniary and business interests. Thus, Consolidated claims that the allegations in the complaint unequivocally brought the action within the policy coverage.
We reject Consolidated's argument and agree with the well-reasoned analysis of the trial court. The question is not whether or not a claim for false imprisonment could be made by plaintiffs in the underlying case but, rather, whether plaintiffs set forth a set of facts which could have invoked coverage under the policy issued by Kemper. Since the contract restricted a claim of false imprisonment to situations where the offense arose out of the conduct of Consolidated's business, the critical question is whether the alleged false imprisonment arose out of the conduct of Consolidated's business. Clearly, it did not. Despite plaintiffs' allegations in their complaint that at all relevant times Turcotte was advancing and furthering Consolidated's interests, the facts prove otherwise. If Turcotte's interests had legitimately been to identify a thief, then the incident would not have amounted to false imprisonment as there would have been a "lawful privilege." If, of the other hand, the purpose of the incident was simply for the manager to view the minor female employees naked, then there was no possible advancement of Consolidated's pecuniary or business interests. Either way, Turcotte's actions did not come within the coverage provided by Kemper's insurance policy.
Accordingly, the trial court did not err in granting Kemper's motion for summary judgment and in denying Consolidated's motion for summary judgment on the issue of false imprisonment under Coverage B of the insurance policy. Consolidated's first assignment of error is without merit.
In the second assignment of error, Consolidated contends that the trial court erred in denying its motion for summary judgment and in granting Kemper's motion for summary judgment as to Coverage A of the insurance policy. Coverage A of the subject policy provides that Kemper is obligated to provide coverage for "bodily injuries" in the event of an "occurrence." An "occurrence" is defined in the Kemper policy as meaning an accident.
In the present case, the trial court held that there was no coverage under the Kemper policy because there was no accident. The trial court stated "the alleged actions of the manager inflicting emotional distress upon the plaintiffs are intentional, similar to intentional acts of sexual molestation. The manager's actions of asking two minor employees to remove their clothing and then touching their bodies in inappropriate places and manners is certainly not accidental and cannot be considered an occurrence." We agree.
In Gearing v. Nationwide Ins. Co. (1996), 76 Ohio St.3d 34, the Supreme Court of Ohio held:
 "1. Incidents of intentional acts of sexual molestation of a minor do not constitute `occurrences' for purposes of determining liability insurance coverage, as intent to harm inconsistent with an insurable incident is properly inferred as a matter of law from deliberate acts of sexual molestation of a minor.
 "2. The public policy of the state of Ohio precludes issuance of insurance to provide liability coverage for injuries resulting from intentional acts of sexual molestation of a minor." Id. at paragraphs one and two of the syllabus.
Additionally, the court also stated:
 "[I]n those cases where an intentional act is substantially certain to cause injury, determination of an insured's subjective intent, or lack of subjective intent, is not conclusive of the issue of coverage. Rather, an insured's protestations that he `didn't mean to hurt anyone' are only relevant where the intentional act at issue is not substantially certain to result in injury." Id. at 39.
This court has previously followed the Supreme Court's pronouncement in Gearing in the case captionedOhio Farmers Ins. Co. v. Perry (Aug. 29, 1997), Ashtabula App. No. 96-A-0065, unreported. Based upon the foregoing, we must conclude that there was nothing accidental about the actions of Turcotte and, accordingly, the incident in question cannot be considered an occurrence under the Kemper policy. Thus, there is no coverage under Coverage A of the contract. Consolidated's second assignment of error, therefore, is also without merit.
The judgment of the trial court is hereby affirmed.
CHRISTLEY, P.J., concurs in judgment only with Concurring Opinion,
NADER, J., concurs.
CONCURRING OPINION