[Cite as *Carpenter v. Ohio Dept. of Rehab. & Corr.*, 2009-Ohio-7103.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GREGORY CARPENTER, II

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2009-07083

Judge Alan C. Travis

<u>DECISION</u>

{¶ 1} On September 30, 2009, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. On November 10, 2009, the court conducted an oral hearing on the motion; however, plaintiff failed to appear.

{¶ 2} As a preliminary matter, defendant's October 8, 2009 motion to substitute the original affidavit of Melissa Adams is GRANTED.

{¶ 3} Civ.R. 56(C) states, in part, as follows:

{¶ 4} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party

against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 5} The facts relevant to the motion are not in dispute. In January 2008, the Clark County Court of Common Pleas sentenced plaintiff in Case Nos. 04CR465 and 07CR1029 to consecutive prison terms of 11 months and six months, respectively, to be reduced by approximately 28 days for jail-time credit. On January 15, 2008, plaintiff entered defendant's custody.

{¶ 6} Melissa Adams, the chief of defendant's Bureau of Sentence Computation, states in an affidavit accompanying defendant's motion that defendant initially calculated plaintiff's release date as May 18, 2009. However, Adams further states that on August 6, 2008, defendant received an entry from the sentencing court granting plaintiff an additional 149 days of jail-time credit in Case No. 04CR465. Adams states that in light of this additional credit, as well as one day of institutional credit that plaintiff received for participating in an educational program, defendant recalculated plaintiff's release date as December 19, 2008. On October 3, 2008, plaintiff filed a motion in Case No. 07CR1029 seeking an additional 89 days of jail-time credit. On November 20, 2008, the sentencing court issued an entry granting him an additional 71 days of jail-time credit. Adams states that after receiving a copy of this entry and verifying its authenticity, defendant applied the additional jail-time credit which resulted in the expiration of plaintiff's sentence. Defendant released plaintiff from its custody on November 24, 2008.

{¶ 7} Plaintiff alleges that in Case No. 04CR465, he was entitled to an additional 34 days of credit for jail-time that he served in 2006. Plaintiff relates that he filed a motion with the sentencing court seeking such credit, but that he does not "believe the request was ever acknowledged." Nonetheless, plaintiff contends that he was legally entitled to the credit and he thus brings this action for false imprisonment claiming that defendant confined him for 34 days beyond the lawful expiration of his sentence. Defendant asserts that it confined plaintiff pursuant to a valid court order.

{¶ 8}  "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time * * *.'"  *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71.  The elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and, 3) knowledge that the privilege initially justifying the confinement no longer exists.  *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318.  However, "'an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear that such judgment or order is void.'"  *Bennett*, supra, at 111, quoting *Diehl v. Friester* (1882), 37 Ohio St. 473, 475.

{¶ 9}  Based upon the allegations of plaintiff's complaint and the uncontested affidavit testimony of Adams, the only reasonable conclusion to draw is that defendant confined plaintiff in accordance with the valid orders of the sentencing court and that defendant was privileged to do so until it learned that such privilege no longer existed.  *Williams v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-77, 2009-Ohio-3958, ¶16.  After defendant learned that plaintiff was entitled to additional jail-time credit and that his sentence had thus expired, defendant promptly released him.  Because defendant did not continue to confine plaintiff after learning that it was no longer privileged to do so, plaintiff cannot prevail on his claim for false imprisonment.

{¶ 10} Furthermore, to the extent that plaintiff is attempting to appeal an alleged improper calculation of jail-time credit by the sentencing court, this court lacks subject matter jurisdiction.  "[T]he statute governing actions in the Court of Claims, R.C. 2743.02, was not intended to confer jurisdiction for the Court of Claims to review criminal proceedings occurring in the Court of Common Pleas."  *Hughley v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-544, 2009-Ohio-6126, ¶7.  The proper vehicle for challenging the denial of a motion for jail-time credit by the sentencing court is either direct appeal or a motion for correction by the sentencing court.  *State ex rel. Corder v. Wilson* (1991), 68 Ohio App.3d 567, 573.

**{¶ 11}** As stated above, plaintiff did not file a response to defendant's motion, nor did he provide the court with any affidavit or other permissible evidence to support his allegations.

**{¶ 12}** Civ.R. 56(E) states, in part, as follows:

**{¶ 13}** "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

**{¶ 14}** Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GREGORY CARPENTER, II

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2009-07083

Judge Alan C. Travis

<u>JUDGMENT ENTRY</u>

An oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Stephanie D. Pestello-Sharf
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Gregory Carpenter, II
2373 Brookdale Drive
Springfield, Ohio 45502

RCV/cmd
Filed December 29, 2009
To S.C. reporter January 19, 2010