[Cite as *McCauley v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-4580.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRUCE MCCAULEY

     Plaintiff

     v.

OHIO DEPT. OF REHABILITATION AND CORRECTION

     Defendant

     Case No. 2008-03009-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Bruce McCauley, a former inmate under the custody of defendant, Department of Rehabilitation and Correction (DRC), and formerly incarcerated at the Lorain Correctional Institution (LorCI), filed this action grounded in false imprisonment alleging he was held for a period of sixty-four days beyond the expiration of his criminal sentence. On August 23, 2007, plaintiff was sentenced in the Cuyahoga County Court of Common Pleas under Case No. CR-07-496663 to six months for Drug Possession. The sentencing court granted jail time credit for time served and ordered the Cuyahoga County Sheriff to calculate jail time credit for plaintiff to be applied against his six-month sentence. Included in the "Docket Information" entry for August 23, 2007 on Case No. CR-07-496663-A was the notation: "Sheriff to send written notice of credit for time served to Ohio Department of Rehabilitation and Corrections." Plaintiff was received into DRC custody on September 5, 2007 to serve the remainder of his six-month sentence minus any jail time credit days to be applied against the term of sentence. When plaintiff was transferred to LorCI the Cuyahoga

County Sheriff supplied a copy of the sentencing entry[1] from the sentencing court, which recorded: "JAIL CREDIT DAYS TO DATE TO BE CALCULATED BY THE SHERIFF." At the time of transport, the Cuyahoga County Sheriff supplied LorCI staff a letter (copy submitted) constituting written notice of plaintiff's jail time credit which was calculated at thirteen days; representing the dates of confinement in the Cuyahoga County Jail from "6/11/07 TO 6/11/07 8/24/07 TO 9/05/07." Plaintiff was given credit for his jail time served and his release date was calculated as February 20, 2008. On September 28, 2007, plaintiff, acting in a pro-se capacity, filed a motion for jail time credit with the sentencing court under Case No. CR-07-496663-A. According to the "Docket Information" under Case No. CR-07-496663-A (copy submitted), the court on October 4, 2007 granted plaintiff's motion for jail time credit and ordered the sheriff to calculate any additional credit "for time spent in the Cuyahoga County Jail." Also, according to the "Docket Information," the court on October 31, 2007 denied plaintiff's motion for jail time credit for the time he "spent in the community assessment treatment services facility" based on the grounds plaintiff did not supply proof of time spent in that facility. In December 2007, plaintiff, while incarcerated at the Marion Correctional Institution, again filed two motions with the sentencing court for jail time credit for time spent in the community services and treatment facility. On December 13, 2007, the court granted these motions and credited plaintiff with "130 days for time spent in

---

[1] The sentencing journal entry signed August 30, 2007 provided the following:
"DEFENDANT IN COURT WITH PUBLIC DEFENDER DAN CORRIGAN
"COURT REPORTER ANITA MOOSE PRESENT
"ON A FORMER DAY OF COURT THE DEFENDANT PLEAD GUILTY TO DRUG POSSESSION 2925.11 A F5 AS CHARGED IN THE INDICTMENT
"THE COURT CONSIDERED ALL REQUIRED FACTORS OF THE LAW
"THE COURT FINDS THAT PRISON IS CONSISTENT WITH THE PURPOSE OF R.C.2929.11
"THE COURT IMPOSES A PRISON SENTENCE AT THE LORAIN CORRECTIONAL INSTITUTION OF 6 MONTH(S)
"TO BE REFERRED INTO COMMUNITY RE-ENTRY PROGRAM UPON COMPLETION OF SENTENCE
"POST-RELEASE CONTROL IS OPTIONAL
"POST RELEASE CONTROL IS PART OF THIS PRISON SENTENCE FOR 3 YEARS FOR THE ABOVE FELONY(S) UNDER R.C. 2967.28
"JAIL CREDIT DAYS TO DATE TO BE CALCULATED BY THE SHERIFF
"SHERIFF TO SEND WRITTEN NOTICE OF CREDIT FOR TIME SERVED TO OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS
"DRIVER'S LICENSE SUSPENSION UNTIL FEBRUARY 23, 2008
"DEFENDANT IS TO PAY COURT COSTS
"DEFENDANT REMANDED
"SHERIFF ORDERED TO TRANSPORT DEFENDANT BRUCE MCCAULEY, DOB 11-13-1951, GENDER MALE, RACE BLACK"

community assessment and treatment services" ("Docket Information" under Case No. CR-07-496663-A). On December 20, 2007 defendant received a journal entry from the sentencing court granting plaintiff an additional one hundred thirty days jail time credit and he was consequently released from incarceration that same day. Plaintiff advised he was held by defendant for a period of sixty-four days beyond the expiration of his sentence when he finally received the additional jail time credit in December 2007. Plaintiff contended defendant should be responsible for calculating his jail time credit and therefore, liable for false imprisonment for holding him beyond the expiration of his sentence.

{¶ 2} Plaintiff argued "Ohio law mandates in R.C. 2949.08[2] that the institution and, therefore, Defendant is ultimately responsible for calculating and crediting jail time credit for an incarcerated individual." Essentially, plaintiff maintained defendant had a

---

[2] R.C. 2949.08 provides:

"(A) When a person who is convicted of or pleads guilty to a felony is sentenced to a community residential sanction in a community-based correctional facility pursuant to section 2929.16 of the Revised Code or when a person who is convicted of or pleads guilty to a felony or a misdemeanor is sentenced to a term of imprisonment in a jail, the judge or magistrate shall order the person into the custody of the sheriff or constable, and the sheriff or constable shall deliver the person with the record of the person's conviction to the jailer, administrator, or keeper, in whose custody the person shall remain until the term of imprisonment expires or the person is otherwise legally discharged.

"(B) The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper under this section. The record shall be used to determine any reduction of sentence under division (C) of this section.

"(C)(1) If the person is sentenced to a jail for a felony or a misdemeanor, the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody pursuant to division (A) of this section by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the person's competence to stand trial or to determine sanity, and confinement while awaiting transportation to the place where the person is to serve the sentence.

"(2) If the person is sentenced to a community-based correctional facility for a felony, the total amount of time that a person shall be confined in a community-based correctional facility, in a jail, and for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper shall not exceed the maximum prison term available for that offense. Any term in a jail shall be reduced first pursuant to division (C)(1) of this section by the total number of days the person was confined prior to delivery to the jailer, administrator, or keeper. Only after the term in a jail has been entirely reduced may the term in a community-based correctional facility be reduced pursuant to this division. This division does not affect the limitations placed on the duration of a term in a jail or a community-based correctional facility under divisions (A)(1), (2), and (3) of section 2929.16 of the Revised Code.

"(D) For purposes of divisions (B) and (C) of this section, a person shall be considered to have been confined for a day if the person was confined for any period or periods of time totaling more than eight hours during that day.

"(E) As used in this section, "community-based correctional facility" and "jail" have the same meanings as in section 2929.01 of the Revised Code."

duty to calculate time spent by plaintiff in a community assessment treatment facility and credit that time spent against his sentence in prison for possession of drugs. Plaintiff asserted defendant failed to properly credit him for time spent in jail and this failure resulted in him being held for sixty-four days beyond the expiration of his sentence. Plaintiff seeks damages in the amount of $2,500.00 based on the false imprisonment allegation. The filing fee was paid.

{¶ 3} Defendant denied any liability in this matter. Defendant denied plaintiff was knowingly held under DRC custody beyond the expiration of his criminal sentence. Defendant asserted DRC received documentation from the Cuyahoga County Sheriff's Office (document submitted) granting plaintiff a total of thirteen days confinement credit reflecting time served in the Cuyahoga County Jail. Defendant acknowledged receiving, on December 20, 2007, a journal entry from the sentencing court filed on December 13, 2007 granting plaintiff "credit for 130 days for time spent in Community Assessment and Treatment Services." Defendant further acknowledged "[a]s a result of this entry, (plaintiff's) sentence was re-computed by adding 130 days to the 13 days of jail time credit previously applied (and consequently) this credit completely satisfied the sentence and (plaintiff) was released the same day, 12-20-07." Defendant specifically denied DRC is under any duty "to independently investigate or determine the amount of jail time credit to be awarded." *Williams v. Ohio Dept. of Rehab. & Corr.*; Franklin App. No. 09AP-77, 2009-Ohio-3958.

{¶ 4} Defendant contended the responsibility for determining jail time credit to be awarded rests with the sentencing court and not DRC. Defendant advised the sentencing court bears the duty to calculate the days of jail time credit and to communicate that number to the correctional institution so it can be credited in a proper manner. Defendant further advised DRC acted in accordance with R.C. 2949.12[3] in

---

[3] R.C. 2949.12 (Reception facilities for convicted felons) provides in pertinent part:

"The sheriff shall deliver the convicted felon into the custody of the managing officer of the reception facility and, at that time, . . . shall present the managing officer with a copy of the convicted felon's sentence that clearly describes each offense for which the felon was sentenced to a correctional institution, designates each section of the Revised Code that the felon violated and that resulted in the felon's conviction and sentence to a correctional institution, designates the sentence imposed for each offense for which the felon was sentenced to a correctional institution, and, pursuant to section 2967.191 of the Revised Code, specifies the total number of days, if any, that the felon was confined for any reason prior to conviction and sentence.

"The convicted felon shall be assigned to an institution . . . shall be conveyed to the institution . . . and shall be kept within the institution . . . until the term of the felon's imprisonment expires, the felon is

connection with plaintiff's incarceration. Defendant maintained plaintiff was at all times confined under a lawful sentencing order. It has been previously held that although defendant is required to credit an inmate with jail time served in calculating a term of actual confinement, "it is the trial court that makes the factual determination as to the number of days of confinement that (an inmate) is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St. 3d 476, 2003-Ohio-2061, ¶7. Therefore, plaintiff was entitled to only the amount of jail time credit that the trial court determined was appropriate. Evidence has shown the jail time credit originally determined was thirteen days. In a recalculation, the trial court determined on December 13, 2007 that plaintiff was entitled to an additional one hundred thirty days of jail time credit, a determination which necessitated plaintiff's immediate release from confinement. Until defendant received this additional jail time credit from the trial court, plaintiff's continued incarceration was justified.

{¶ 5} Plaintiff filed a response reasserting DRC had statutory duty under R.C. 2949.08 to calculate and credit the time spent in a community assessment treatment facility. Specifically, plaintiff cited R.C. 2949.08 for the proposition that this statute mandated LorCI personnel to calculate and credit the time he spent in a community assessment treatment facility against his six month sentence for drug possession. Plaintiff essentially contended that R.C. 2949.08 created a statutory duty on the part of defendant, as his jailer, to calculate and apply all his jail time credit including time spent in a "community residential sanction in a community-based correctional facility." R.C. 2949.08(A). The court concludes R.C. 2949.08 does not create any statutory duty on the part of a jailer, such as defendant, to calculate jail time credit for a person under custody. The statute creates the calculation duty (under the jurisdiction of the trial court) on the sheriff or constable who then has the additional duty of supplying the record of credit to the jailer.

{¶ 6} Plaintiff asserts a claim for false imprisonment. "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.' *Feliciano v. Kreiger* (1977), 50 Ohio St. 2d 69, 71, *** quoting 1 Harper & James, The Law of Torts

---

pardoned, paroled, or placed under a post-release control sanction, or the felon is transferred under laws permitting the transfer of prisoners."

(1956), 226, Section 3.7" *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St. 3d 107, 109, 573 N.E. 2d 633.

{¶ 7} In order to prevail on his claim of false imprisonment plaintiff must show that: 1) his lawful term of confinement expired; 2) defendant intentionally confined him after the expiration, and 3) defendant had knowledge that the privilege initially justifying the confinement no longer existed. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App. 3d 315, 318, 640 N.E. 2d 879. However, "an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appears that such judgment or order is void." *Bennett*, at 111, quoting *Diehl v. Friester* (1882), 37 Ohio St. 473, 475.

{¶ 8} In the instant claim, the facts establish that plaintiff was released from incarceration at the expiration of his sentence and after all known jail time credit mandated by the sentencing authority was given against that prison term. Under these facts, plaintiff as a matter of law is precluded from recovery of damages from defendant based upon an action grounded in false imprisonment. See *Lucy v. Richland Correctional Inst.*, Ct. of Cl. No. 2002-03368-AD, jud, 2002-Ohio-4621; *Davison v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2008-01703-AD, 2008-Ohio-7021.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRUCE MCCAULEY

Plaintiff

v.

OHIO DEPT. OF REHABILITATION AND CORRECTION

Defendant

Case No. 2008-03009-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Jesse M. Schmidt
55 Public Square Suite 1414
Cleveland, Ohio  44113

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
Filed 5/18/10
Sent to S.C. reporter 9/17/10