[Cite as *Thompson v. London Correctional Inst.*, 2010-Ohio-2651.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GREG D. THOMPSON

    Plaintiff

    v.

LONDON CORRECTIONAL INSTITUTION, et al.

    Defendants
    Case No. 2009-08403

Judge Clark B. Weaver Sr.

## ENTRY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

{¶ 1} On January 21, 2010, defendants filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. On March 16, 2010, the court conducted an oral hearing on the motion; however, plaintiff failed to appear.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} The facts relevant to the motion are not in dispute. On May 19, 2009, the Montgomery County Court of Common Pleas sentenced plaintiff to a six-month term of imprisonment, to be reduced by 58 days of jail-time credit. On May 21, 2009, plaintiff entered the custody and control of defendants, who calculated his release date as September 21, 2009.

{¶ 5} Thereafter, plaintiff filed a motion for additional jail-time credit, which the sentencing court granted on August 14, 2009, such that plaintiff received an additional 59 days of credit. Defendants released him from custody on August 14, 2009, the same day that the additional credit was granted.

{¶ 6} Plaintiff alleges that based upon the 117 days of jail-time credit that he ultimately received, his sentence lawfully expired on July 21, 2009. Plaintiff thus brings this action for false imprisonment, claiming that defendants confined him for 24 days beyond the expiration of his lawful sentence.

{¶ 7} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time * * *." *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71. The elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and, 3) knowledge that the privilege initially justifying the confinement no longer exists. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318. However, "'an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear that such judgment or order is void.'" *Bennett*, supra, at 111, quoting *Diehl v. Friester* (1882), 37 Ohio St. 473, 475.

**{¶ 8}** Based upon the allegations of plaintiff's complaint and the uncontested affidavit testimony submitted by defendants, the only reasonable conclusion to draw is that at all times while plaintiff was in defendants' custody, he was imprisoned in accordance with the valid orders of the sentencing court. Therefore, defendants were lawfully privileged and required to confine plaintiff until they learned that such privilege no longer existed. *Williams v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-77, 2009-Ohio-3958, ¶16. After defendants learned that plaintiff was entitled to additional jail-time credit and that his sentence had thus expired, defendants released him from custody. Because defendants did not continue to confine plaintiff after learning that they were no longer privileged to do so, plaintiff cannot prevail on his claim for false imprisonment.

**{¶ 9}** Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is GRANTED and judgment is rendered in favor of defendants. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Paula Luna Paoletti                          Greg D. Thompson
Steven C. McGann                          1079 Olmstead Avenue, #J
Assistant Attorneys General            Columbus, Ohio 43201
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

RCV/cmd
Filed May 18, 2010
To S.C. reporter June 9, 2010