[Cite as *Griffin v. Dept. of Rehab. & Corr.*, 2010-Ohio-3478.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THERON GRIFFIN

> Plaintiff

> v.

DEPARTMENT OF REHABILITATION AND CORRECTION

> Defendant
> Case No. 2009-01671

Judge Joseph T. Clark

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On May 3, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On June 3, 2010, plaintiff filed a response. On June 15, 2010, the court conducted an oral hearing on the motion.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 4}** At all times relevant, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff alleges a claim of false imprisonment. According to plaintiff, he was incarcerated for a period of several weeks after defendant's privilege to confine him had expired. The facts giving rise to the case are not disputed.

**{¶ 5}** Plaintiff was sentenced to a three-year prison term and upon release from custody, he was subject to a period of postrelease control. The Eighth District Court of Appeals subsequently ruled that the sentencing court failed to adequately inform plaintiff that he was subject to postrelease control and the case was remanded to the trial court. Plaintiff was resentenced and later taken into custody based upon violations of his conditions of postrelease control. While in custody, plaintiff filed a motion to dismiss his charges and on June 24, 2008, the trial court ordered his release based upon the holding in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250.

**{¶ 6}** "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71.

**{¶ 7}** In order to withstand defendant's motion for summary judgment, plaintiff must produce some evidence establishing the existence of a genuine issue of fact as to each of the elements of a claim of false imprisonment: expiration of the lawful term, intentional confinement after the expiration; and knowledge that the privilege initially justifying confinement no longer exists. *Bennett*, supra; *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315. However, "an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear[s] that such judgment or order is void."

*Bennett* at 111, citing *Brinkman v. Drolesbaugh* (1918), 97 Ohio St. 171, paragraphs five and six of the syllabus and *Johns v. State* (1981), 67 Ohio St.2d 325, paragraph one of the syllabus, certiorari denied (1982), 455 U.S. 944.

{¶ 8}   In support of the motion for summary judgment, defendant submitted the affidavit of Debra Hearns, an employee of defendant and the Deputy Superintendent of Field Services at the Adult Parole Authority.   Hearns' affidavit states, in pertinent part, as follows:

{¶ 9}   "2.  On July 15, 2008, we received an entry ordering the release of Theron Griffin.  Prior to that time we had no entry ordering Griffin's release.

{¶ 10}  "3.  We released him the very next day on July 16, 2008."

{¶ 11} According to the affidavit of Richard Neff, plaintiff's counsel in his criminal case, soon after the June 24, 2008 order was issued, Neff attempted to secure plaintiff's release by contacting the Cuyahoga County Sheriff's Department and Audrey Tidmore, plaintiff's parole officer.  On an unspecified date, Neff also notified Tidmore's supervisor of the court's order.  Plaintiff asserts that Neff's oral communications provided sufficient notice to defendant that the privilege initially justifying the confinement no longer existed.  The court disagrees.

{¶ 12} The Tenth District Court of Appeals has held that defendant "had no discretion to release an inmate until it received an entry indicating [it] no longer was privileged or justified in confining the inmate." *Trice v. Ohio Dep't of Rehab. & Corr.*, Franklin App. No  07AP-828, 2008-Ohio-1371, ¶19.  The evidence shows that plaintiff was promptly released within one day after defendant received the judgment entry from the sentencing court.

{¶ 13} Upon consideration of the arguments and the evidence presented by the parties, the court finds that no genuine issue of material fact exists and that defendant is entitled to judgment as a matter of law.  Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant.  Court costs are

assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Peter E. DeMarco
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Robert J. Zavesky
Thomas J. Vozar
Rockefeller Bldg., Suite 1425
614 Superior Avenue NW
Cleveland, Ohio 44113-9850

AMR/cmd
Filed July 7, 2010/To S.C. reporter July 22, 2010