[Cite as *McCormick v. Richland Corr. Inst.*, 2011-Ohio-6861.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MCCORMICK,

    Plaintiff,

    v.

RICHLAND CORRECTIONAL INSTITUTION,

    Defendant.

Case No. 2011-08172

Judge Clark B. Weaver Sr.

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶1} On August 4, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On August 25, 2011, plaintiff filed a response. On August 30, 2011, defendant filed a motion for leave to reply to plaintiff's response, which is GRANTED instanter. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4.

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.,* 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} At all times relevant, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff alleges that on February 17, 2009, he was sentenced to one year in prison by the Summit County Court of Common Pleas pursuant to a conviction for domestic violence. Plaintiff alleges that he was not awarded the proper amount of jail-time credit and that he was falsely imprisoned by defendant. Defendant asserts that it confined plaintiff at all times pursuant to a valid court order and that plaintiff cannot establish liability for false imprisonment.

{¶5} False imprisonment occurs when a person confines another "'intentionally without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71, quoting 1 Harper & James, The Law of Torts (1956), 226, Section 3.7; see also *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109.

{¶6} In order to prevail on his claim of false imprisonment, plaintiff must show that: 1) his lawful term of confinement expired; 2) defendant intentionally confined him after the expiration; and 3) defendant had knowledge that the privilege initially justifying the confinement no longer existed. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318. However, "'an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear that such judgment or order is void.'" *Bennett*, supra, at 111, quoting *Diehl v. Friester* (1882), 37 Ohio St. 473, 475.

{¶7} It is well-settled that the responsibility for determining the amount of jail-time credit to which a criminal defendant is entitled rests exclusively with the sentencing court. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶7; *State v. Mills*, Franklin App. No. 09AP-198, 2009-Ohio-6273, ¶7. Although defendant has a duty under R.C. 2967.191 to apply jail-time credit to an inmate's sentence, it may apply only the amount of credit that the sentencing court determines the inmate is entitled to. Id. Defendant has no duty "to determine whether the

sentencing court accurately specified the amount of jail-time credit in its sentencing entry." *Trice v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 07AP-828, 2008-Ohio-1371, ¶22.

{¶8} In support of its motion, defendant filed the affidavit of Melissa Adams, the Chief of the Ohio Department of Rehabilitation and Correction's Bureau of Sentence Computation. Adams' affidavit states, in relevant part:

{¶9} "1. I am the Chief of the Bureau of Sentence Computation (BOSC) of the Ohio Department of Rehabilitation and Correction ("DRC") and have held this position for three years.

{¶10} "2. I have personal knowledge and I am competent to testify to the facts contained in this Affidavit.

{¶11} "3. On February 12, 2009 Plaintiff was sentenced on Summit County Case Nos. CR02030662 and CR04051535. He was convicted of violating his community control sanctions and sentenced to six months for nonsupport on Case No. 02030662. He was convicted of violating his community control sanctions and sentenced to one year for domestic violence on Case No. 04051535. Plaintiff's sentences were concurrent for a total of one year. He was admitted to ODRC on February 19, 2009 and given 7 days of conveyance time. His release date was February 11, 2010.

{¶12} "4. On May 15, 2009 Plaintiff was granted judicial release on both cases. On September 1, 2010 his judicial release was revoked on both cases and he was returned to DRC on September 16, 2010. At this time, Plaintiff was given 7 days of old jail time credit, 86 days of prison time and 15 days of new jail time credit. His expiration of sentence date was May 30, 2011, reduced by 2 days of earned credit to May 28, 2011 and he was released on that date.

{¶13} "5. BOSC calculated the terms of Plaintiff's sentences and determined the date for the expiration of his sentences based upon the court's sentencing orders and the information pertaining to the amount of jail time credit that BOSC received."

{¶14} Plaintiff did not file an affidavit or any other admissible evidence in opposition to defendant's motion. Based upon the undisputed affidavit of Melissa Adams, the court finds that defendant at all times confined plaintiff pursuant to a valid court order.

{¶15} For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. All other pending motions are DENIED as moot. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Jeanna R. Volp                         Ryan E. McCormick
Stephanie D. Pestello-Sharf            Oriana House, Inc.
Assistant Attorneys General            P.O. Box 1501
150 East Gay Street, 18th Floor        Akron, Ohio 44309
Columbus, Ohio 43215-3130

Filed November 15, 2011
To S.C. reporter December 30, 2011