

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ARNETT L. YOUNG,

    Plaintiff,

v.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION,

    Defendant.

Case No. 2010-12770

Judge Alan C. Travis
Magistrate Matthew C. Rambo

ENTRY GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

{¶1} On August 3, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} Plaintiff asserts a claim of false imprisonment and alleges that defendant did not properly calculate and apply his jail-time credit. Defendant asserts that it properly

calculated plaintiff's jail-time credit and imprisoned him pursuant to valid sentencing entries from the Cuyahoga County Court of Common Pleas.

{¶5} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71. The elements of a false imprisonment claim are: "(1) expiration of the lawful term of confinement, (2) intentional confinement after the expiration, and (3) knowledge that the privilege initially justifying the confinement no longer exists." *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318.

{¶6} R.C. 2967.191 provides, in part:

{¶7} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."

{¶8} In support of its motion, defendant filed the affidavit of Mary Oakley, who states:

{¶9} "1. I am the Assistant Chief of the Bureau of Sentence Computation (BOSC) of [defendant] and have held this position for approximately eight years. * * *

{¶10} "2. I have personal knowledge and I am competent to testify to the facts contained in this Affidavit.

{¶11} "3. I have reviewed the records pertaining to [plaintiff]. [Plaintiff] was admitted to [defendant] on September 9, 2010 from Cuyahoga County to serve a sentence under Case No. CR 09527786. * * * BOSC then granted plaintiff a total of 147 days jail time credit. Plaintiff's expiration of sentence date was April 14, 2011, reduced by 2 days of earned credit to April 12, 2011, and he was released on that date."

{¶12} "4. The sentencing court's entries pertaining to plaintiff are attached hereto.

{¶13} "5. BOSC calculated the terms of plaintiff's sentences and determined the date for the expiration of his sentences based upon the court's sentencing orders and the information pertaining to the amount of jail time credit that BOSC received."

{¶14} As stated above, plaintiff did not respond to defendant's motion for summary judgment. Civ.R. 56(E) provides, in part:

{¶15} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶16} Based upon the undisputed averments made by Oakley, the court concludes that defendant properly calculated the amount of jail-time credit to which plaintiff was entitled in determining his release date. Defendant was therefore privileged to imprison plaintiff until he was released on April 12, 2011.

{¶17} For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Jennifer A. Adair
Stephanie D. Pestello-Sharf
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Arnett L. Young
3524 East 133rd Street
Cleveland, Ohio 44120

Filed October 7, 2011
To S.C. reporter November 18, 2011