[Cite as *Henderson v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-2409.]

| | |
|---|---|
| PAUL HENDERSON | Case No. 2020-00230JD |
| Plaintiff | Judge Patrick E. Sheeran<br>Magistrate Robert Van Schoyck |
| v. | |
| | ENTRY GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} On February 8, 2021, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff filed a combined response and cross-motion for summary judgment on March 1, 2021. Defendant filed a response on March 22, 2021. The motions are now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶4} Plaintiff brings this action for false imprisonment claiming that defendant held him as an inmate in its custody beyond the expiration of his lawful term of

confinement. Plaintiff alleges that on or about June 13, 2010, the Cuyahoga County Common Pleas Court sentenced him to a nine-year prison sentence, but defendant wrongfully calculated his release date by applying a separate three-year sentence imposed in another criminal case to run consecutively. Plaintiff alleges that his lawful term of confinement expired sometime before he filed his complaint and that defendant's continued confinement of him constitutes false imprisonment.

{¶5} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 109, 573 N.E.2d 633 (1991), quoting *Feliciano v. Kreiger*, 50 Ohio St.2d 69, 71, 362 N.E.2d 646 (1977). "Pursuant to R.C. 2743.02(A)(1), the state may be held liable for the false imprisonment of its prisoners." *Id.* at paragraph two of the syllabus. "To prevail on a claim for false imprisonment against the state, a person must be able to demonstrate: '(1) expiration of the lawful term of confinement, (2) intentional confinement after the expiration, and (3) knowledge that the privilege initially justifying the confinement no longer exists.'" *Brandon v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 20AP-211, 2021-Ohio-418, ¶ 17, quoting *Wash v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 19AP-830, 2020-Ohio-3385, ¶ 22.

{¶6} Defendant, in support of its motion for summary judgment, submitted an affidavit from Ebony Napier, who avers that she is employed with defendant as a Correctional Records Sentence Computation Auditor at the Bureau of Sentence Computation. The Bureau of Sentence Computation compiles sentencing documents and computes release dates for the inmates in defendant's custody, Napier explains. Napier avers she has reviewed the records pertaining to plaintiff's incarceration, including three records which are incorporated into her affidavit and attached thereto as Exhibits A-1 to A-3. In her affidavit, Napier states the following based upon her review of defendant's file on plaintiff:

4.      On August 19, 2009, Mr. Henderson was sentenced in Case No. CR-09-520709-A after pleading guilty to trafficking offenses with a forfeiture specification.  He was sentenced to three years of community control.  (Attachment A-1)

5.      On September 30, 2009, Mr. Henderson was found to have violated his community control sanctions.  Accordingly, his community control was revoked and he was sentenced in Case No. CR-09-520709-A "to the Lorain Correctional Institution for a term of 3 year(s)".  (Attachment A-2)

6.      At that time, Mr. Henderson also had 91 days of jailtime credit.

7.      Mr. Henderson was admitted to the Ohio Department of Rehabilitation and Correction on October 6, 2009.

8.      On July 16, 2010, Mr. Henderson was sentenced in Case No. CR-09-530899-A after a jury found him guilty of the following crimes:

Count 1: trafficking offenses with forfeiture specification.

Count 2: drug possession with forfeiture specification.

Count 3: possessing criminal tools with a forfeiture specification.

He was sentenced to "a prison sentence at the Lorain Correctional Institution of 9 year(s).  Counts 1 and 2 merge- State elects to sentence Defendant on Count 1, consecutive to any other sentence.  8 years on Count 1; 12 months on Count 3.  Counts run consecutive to each other for a total of 9 years."  (Attachment A-3)

9.      While he was incarcerated, Mr. Henderson has earned twelve days of earned credit.

10.     While incarcerated, Mr. Henderson has also completed the HB49 credit program and received an additional 90 days off of his release date.

11.     Given Mr. Henderson's three-year sentence in Case No. CR-09-520709-A and his nine-year sentence in Case No. CR-09-530899-A which is to be run "consecutive to any other sentence," and considering his jailtime credit, earned credit, and the time earned under the HB 49 program, Mr. Henderson's release date is March 23, 2021.

{¶7} Plaintiff's combined response and cross-motion devotes considerable attention to this court's denial of his motion filed June 18, 2020, regarding his request to take judicial notice and issues related to requests for admissions under Civ.R. 36. Plaintiff's motion from June 18, 2020, was addressed by the magistrate's order from September 21, 2020, and by the court's entry from December 31, 2020, and will not be reconsidered here.   Regarding the false imprisonment claim, plaintiff argues that the Cuyahoga County Common Pleas Court erred in sentencing him to serve his sentences consecutively, in violation of R.C. 2929.41(A) and R.C. 2929.14.   Plaintiff argues that the sentencing entry from that court was "contrary to law" and that the trial judge "in error ordered the sentences to be served consecutively * * *."  Plaintiff's Motion, pp. 1-2. Although plaintiff refers to the sentences as being "void" in light of these alleged errors, he does not contend that the sentences were ever duly challenged and voided. Additionally, plaintiff attaches several documents to his combined response and cross-motion that appear to be records from his criminal case(s), but they are not properly authenticated pursuant to Civ.R. 56 and thus cannot be considered.  Most importantly, plaintiff fails to point to any evidence that would create a genuine issue of material fact with the affidavit testimony provided by defendant.

{¶8} In opposition to plaintiff's summary judgment motion, defendant reasserts its lawful privilege to confine plaintiff for the duration of both his three-year sentence in Case No. CR-09-520709-A and the aggregate nine-year sentence in Case No. CR-09-530899-A, which was to be served "consecutive to any other sentence."   Further, defendant argues that plaintiff fails to point to any specific facts that would create a

genuine issue of material fact, much less entitle plaintiff to summary judgment. Finally, defendant argues that the evidence provided, specifically the affidavit of Ebony Napier, clearly establishes that plaintiff cannot prove his claim that he was falsely imprisoned.

{¶9} While plaintiff claims in his complaint to have been falsely imprisoned as a result of defendant improperly calculating the expiration of his sentence, the uncontroverted affidavit testimony presented by defendant demonstrates that its confinement of plaintiff was at all times based upon the sentencing orders of the Cuyahoga County Common Pleas Court and his lawful term of confinement under those orders did not expire until March 23, 2021. Napier's affidavit establishes that defendant would release plaintiff on that date and there is nothing in the record to suggest that defendant did not do so. To the extent plaintiff argues there was some error made by the sentencing court, "the statute governing actions in the Court of Claims, R.C. 2743.02, was not intended to confer jurisdiction for the Court of Claims to review criminal proceedings occurring in the court of common pleas." *Hughley v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-562, 2010-Ohio-1768, ¶ 6.

{¶10} Based upon the foregoing, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. As a result, plaintiff's motion for summary judgment is DENIED. Defendant's motion for summary judgment is GRANTED and judgment is hereby rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed May 17, 2021**
**Sent to S.C. Reporter 7/14/21**